UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MORNINGSTAR HEALTHCARE, L.L.C.,

    Plaintiff,

v.                                                CASE NO. 8:05-CV-949-T-MAP

GREYSTONE & CO., INC.,

    Defendant.
_____/

**ORDER**

Morningstar was an Arkansas corporation without any tangible assets when it sued Greystone for breach of contract. After this Court issued a summary judgment for Greystone and awarded it $455,917 in attorneys' fees and $15,786.24 in costs, Greystone sought to collect through a writ of execution. Unsuccessful, it now moves pursuant to Fed. R. Civ. P. 69 and Fla. Stat. § 56.29 to institute supplemental proceedings to implead Marshall B. Coffman, one of Morningstar's principles and a non-party to this action (doc. 119). After consideration, the motion is granted.[1]

*A. Discussion*

Rule 69 provides a mechanism for executing money judgments: "[t]he procedure on

---

[1] Although Morningstar has filed a notice of appeal challenging the summary judgment and award of attorneys' fees and costs, neither side challenges this Court's jurisdiction to consider post-judgment supplemental proceedings. *See Showtime/The Movie Channel, Inc. v. Covered Bridge Condominium Association, Inc.,* 895 F.2d 711, 713 (11th Cir. 1990) (following the proper filing of a notice of appeal, the district court retains authority to act in aid of the appeal, to correct clerical mistakes under Rule 60, or to aid in the execution of the judgment that has not been superseded.); *See also Scott v. K.W. Max Investments, Inc.,* 2007 WL 2900354 (M.D. Fla. 2007) (same). I also note that Mornignstar did not post a supersedeas bond or seek a stay of execution pending appeal pursuant to Rule 62 or Fed. R. App. P. 8.

execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Accordingly, Fla. Stat. § 56.29 sets forth the procedure for supplementary, post-judgment proceedings in Florida imposing two jurisdictional prerequisites: 1) an unsatisfied writ of execution and 2) an affidavit averring that the writ is valid and unsatisfied along with a list of persons to be impleaded. *See* Fla. Stat. § 56.29; *General Trading Inc. v. Yale Materials Handling Corp.,* 119 F.3d 1485, 1496 n. 22 (11th Cir. 1997); *Kobarid Holding, S.A., et al. v. Reizen,* 2007 WL 14294 *2 (S.D. Fla. 2007). Compliance with these prerequisites provides the predicate for impleading any named third parties to the supplementary proceedings. *MCI Telecommunications Corporation v. O'Brien Marketing, Inc.*, 913 F.Supp. 1536, 1540 (S.D. Fla. 1995). No other showing is required to implead the third party. *Kobarid,* 2007 WL 14294 at *2. Further, once these statutory prerequisites are met, the statute should receive liberal construction so that the creditor may have the most complete relief possible in satisfying his judgment. *Allied Industries International, Inc. v. AGFA-Gevaert, Inc.*, 688 F.Supp. 1516, 1518 (S.D. Fla. 1988).

Greystone has satisfied these demands. As evidenced by the affidavit of its corporate representative, the Clerk issued a Writ of Execution against Morningstar for the total amount of $471,703.24 which the Marshal served on Coffman. On the return, the Marshal noted Coffman's remark: "Coffman stated he had no assets for the LLC (Mornignstar) to satisfy the Writ" (doc. 118). As of the filing of the instant motion, the judgment remained valid and unsatisfied (doc. 119, Exh. A).

Morningstar does not challenge these facts. Instead, it contends Greystone has failed to allege facts that would permit the piercing of Morningstar's corporate veil and the record

otherwise would not support such a finding (doc. 123).  That argument misses the issue.  Greystone's current motion only seeks to initiate supplementary proceedings to implead Coffman.  The granting of that relief, however, would not decide the issue of Coffman's liability for the judgment.  An order impleading third parties under Fla. Stat. § 56.29 does not determine the substantive rights of any party but merely allows third parties to be sued.  *Kobarid*, 2007 WL 14294 *3.  Moreover, impleading does not in itself establish liability but rather allows the impleaded third parties an opportunity to raise their defenses and protect their interests in accordance with due process.  *Allied*, 688 F.Supp. at 1518.

  *B. Conclusion*

Because Greystone has met the minimal statutory prerequisites under Fla. Stat. § 56.29, it is hereby

  ORDERED:

  1.  Defendant's Motion for Proceedings Supplementary to Implead Marshall B. Coffman (doc. 119) is **GRANTED**.

  2.  Any complaint seeking to implead Marshall B. Coffman should be filed within 20 days of the date of this Order.

  DONE AND ORDERED at Tampa, Florida on April 28, 2008.

*/s/ Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record